UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN HENRY FREDERICK,

    Plaintiff,

v.                                            Case No. 4:19cv333-AW-HTC

WAKULLA CI, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff John Henry Frederick initiated this action in July 2019 by filing a civil rights complaint under 42 U.S.C. § 1983. ECF Doc. 1. After reviewing Plaintiff's complaint and litigation history, the undersigned concludes this case should be dismissed under 28 U.S.C. § 1915(g) because Plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee upon initiating this suit.

Plaintiff is an inmate of the Florida Department of Corrections ("FDOC") currently confined at Wakulla Correctional Institution. His complaint alleges Captain Asbell, Sergeant Chunn and Sergeant Martinez harassed him, threatened him and wrote him a disciplinary report in November 2018. ECF Doc. 1 at 1.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Plaintiff is a three-striker, as he has filed at least three (3) federal cases that were dismissed for failure to state a claim or as malicious. *See Frederick v. Wakulla CI Med. Admin. Dep't*, Case No. 4:18cv408-RH-MJF, ECF Doc. 24 (N.D. Fla. June 12, 2019) (dismissed as malicious); *Frederick v. Wakulla Corr. Inst.*, Case No. 4:18cv482-WS-CJK, ECF Doc. 18 (N.D. Fla. Mar. 26, 2019) (dismissed as

malicious); *Frederick v. Bondi*, Case No. 6:18cv694-GAP-GJK, ECF Doc. 9 (M.D. Fla. June 25, 2018) (dismissed for failure to state a claim); *Frederick v. Dalton*, Case No. 6:17cv349-PGB-KRS, ECF Doc. 3 (M.D. Fla. Mar. 10, 2017) (dismissed for failure to state a claim); *Frederick v. State of Fla. Judges*, Case No. 6:17cv342-GKS-GJK ECF Doc. 4 (M.D. Fla. Mar. 8, 2017) (dismissed for failure to state a claim).[1] All these cases bear Plaintiff's FDOC inmate number, R17753, and all the qualifying dismissals were entered before Plaintiff filed this case.

As Plaintiff has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown, supra*. Plaintiff's allegations do not make that showing. Accepting the allegations of Plaintiff's complaint as true, they fail to make a colorable showing that he is in imminent danger of serious physical injury because they concern events that happened in November 2018. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to [§ 1915(g)]".). Because Plaintiff is barred from proceeding *in forma pauperis* and failed to pay the

---

[1] When M.D. Fla. Case No. 6:17cv342-GKS-GJK was dismissed without prejudice on March 8, 2017, the court gave him twenty-one (21) days to file an amended complaint. Plaintiff failed to do so. Thus, the court entered an order on April 27, 2017, that directed the clerk to enter a judgment dismissing the case without prejudice and close the case. The dismissal of this case is a strike.

Case No. 4:19cv333-AW-HTC

filing fee at the time he filed this § 1983 action, this case should be dismissed under § 1915(g).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g).

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 24th day of July, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 4:19cv333-AW-HTC